UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT WAYNE LANEY,<br><br>Defendant. | Case No. 24-cr-171 (DWF/ECW)<br><br>**ORDER FOR<br>COMPETENCY EVALUATION** |

This matter is before the Court on Defendant's Motion to Determine Mental Competency pursuant to 18 U.S.C. § 4241(a) (Dkt. 27). In the Motion, counsel for Defendant Scott Wayne Laney reports that Laney is unable to assist in the defense of his case and Laney appears to suffer from a mental disease or defect.

Accordingly, and prior to a hearing to determine Laney's competency, the defense requests a court-ordered psychological evaluation pursuant to 18 U.S.C. § 4241(b), with transfer by the Bureau of Prisons ("BOP") to a suitable BOP facility for such evaluation to be conducted.

Plaintiff United States of America ("the Government") does not oppose the request. In not objecting, the Government does not concede that Laney is presently suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist

properly in his defense. Furthermore, the Government reserves the right to make any relevant arguments at subsequent hearings on Laney's present mental condition.

The Court held a hearing on the Motion on August 19, 2024. (Dkt. 32.) The Government was represented by Ruth Shnider, Assistant United States Attorney. Robert A. Lengeling appeared on behalf of Laney, who was also present and answered questions from his counsel regarding this Motion.

## ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Defendant's Motion to Determine Mental Competency is **GRANTED** as follows:

1. Defendant Scott Wayne Laney's request for an evaluation to determine his competency pursuant to 18 U.S.C. § 4241(b) is **GRANTED**. The Court has "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). As such, Laney is committed to the custody of the Attorney General for a reasonable period, but not to exceed thirty days, and for the limited purpose of conducting a psychological examination of Laney pursuant to 18 U.S.C. § 4241(a). *See* 18 U.S.C. § 4247(b). The psychological examination shall take place as soon as practicable following the issuance of this order.

2. The Court directs that the study assess Laney's competency. The report of examination should include Laney's history and present symptoms; a description of the

psychiatric and/or psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnosis and prognosis.  *See* 18 U.S.C. § 4247(c).  The Court further directs that the evaluation include the examiner's opinions as to whether Laney is suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

3. Laney shall surrender to the custody of the Attorney General at a location designated for hospitalization by the Attorney General on the date, and at the time, designated by the Attorney General for purposes of the examination.

4. The psychological examination shall be conducted in a suitable facility close to the Court, unless impracticable.  18 U.S.C. § 4247(b).  The Court recommends that the examination be conducted at FMC Rochester.  If the Attorney General believes that the only practicable location for the examination is outside the State of Minnesota, the Attorney General shall report that determination to the Court prior to the designated date for commencement of the examination.

5. To the extent the parties seek a hearing to determine Laney's competency pursuant to 18 U.S.C. § 4241(a), the motion is **GRANTED**.  The Court shall conduct a hearing, at a date and time to be determined, pursuant to 18 U.S.C. § 4241(c). The report of Laney's psychological examination shall be filed with the Court as soon as practicable following the examination, but no later than seven (7) days prior to the date of the hearing.

6. It is **FURTHER HEREBY ORDERED** that the entire period from the filing of the Motion to Determine Mental Competency (Dkt. 27), through the date of the Court's order determining the issue of the Laney's competency, is hereby excluded from the period within which the trial of this matter must commence under the Speedy Trial Act. *See* 18 U.S.C. §3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion") and 18 U.S.C. § 3161(h)(1)(A) ("delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant.").

Dated: August 19, 2024              *s/Elizabeth Cowan Wright*
                                    ELIZABETH COWAN WRIGHT
                                    United States Magistrate Judge